IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:23-CR-00083 (WLS-TQL-1) |
| EDDIE LEE FLOURNAH, JR., | : |
| | : |
| Defendant. | : |

**ORDER**

On September 3, 2024, the Court held a hearing to address Defendant's Motion to Suppress and Request for Evidentiary Hearing (Doc. 36) ("Motion to Suppress"). At the conclusion of the evidence, the Court allowed and scheduled the filing of post-hearing briefs.

At the September 3, 2024 hearing, the Court also advised the parties and counsel that the period of time lost for briefing and decision relating to the Motion to Suppress would be excluded from computing the time within which the trial in this case must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.[1]

To memorialize the Court's post-hearing briefing schedule and continuance of the trial date, the Court hereby **ORDERS** that:

a. Defendant's initial post-hearing brief is due within twenty-one (21) days after the hearing transcript is made available on the record;

b. The Government's response is due within fourteen (14) days from the date Defendant's brief is filed; and

c. Defendant's reply brief is due within seven (7) days after the filing of the Government's response.

---

[1] Upon the Court's review of the record, the trial of this case was continued to the Court's Valdosta Division, November 2024 trial term and its conclusion, at the same time that the hearing on Defendant's Motion to Suppress was scheduled and the original pretrial conference, set for July 9, 2024, was canceled. *See* Order (Doc. 37) entered June 26, 2024.

1

No additional briefs shall be filed without the Court's prior approval. The Party or Parties requiring a transcript of the hearing shall promptly request the hearing transcript. If neither Party intends to request the transcript, then on or before **Wednesday, September 18, 2024**, they shall file a joint notice advising the Court that a hearing transcript will not be requested. In such event, the above briefing deadlines shall run from **Wednesday, September 18, 2024**.

Furthermore, upon the Court's review and consideration of (a) the time for the parties to file post-hearing briefs, (b) the time for the Court to enter its decision on the Motion to Suppress once it is under advisement by the Court (not more than thirty days), and (c) the time, reasonably necessary in the exercise of due diligence, for the Parties' counsel to consider the effect of the Court's decision on their respective clients and engage in negotiations, if desired, or to effectively prepare for trial, the Court finds, *sua sponte*, that the ends of justice will be served by continuing the trial of this matter and that such continuance outweighs the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B).

Accordingly, the Court hereby **ORDERS** that:

a. The trial in the above-referenced matter is **CONTINUED** to the Valdosta Division, February 2025 term and its conclusion, or as may otherwise be ordered by the Court.

b. The time lost under the Speedy Trial Act, 18 U.S.C. § 3161[2], is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(1)(D), (H) for any delay resulting from the

---

[2] The relevant provisions of the Speedy Trial Act provide:
  (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

  (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

  . . . .

   (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

  . . . .

   (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

  . . . .

  (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the

2

Motion to Suppress, starting with the date of filing such motion through the conclusion of the hearing on, or other prompt disposition of such motion and/or for a period of no more than thirty (30) days after the Motion to Suppress is actually under advisement by the Court. The Court finds that failure to order the aforesaid continuance would likely result in a miscarriage of justice.

**SO ORDERED**, this 10th day of September 2024.

                                                                                           **/s/ W. Louis Sands**
                                                                                           **W. LOUIS SANDS, SR. JUDGE**
                                                                                           **UNITED STATES DISTRICT COURT**

---

Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

. . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

3